IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

| | |
|---|---|
| TAMARA E. ABRISHAMIAN | )    Case No.: 484585-V |
| 12400 Park Potomac Ave #S138 | ) |
| | )    COMPLAINT |
| Potomac, MD 20854, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    vs. | ) |
| | ) |
| KINDERCARE EDUCATION, LLC | |
| Suite 1400 | |
| 650 NE Holladay St | |
| Portland, OR 97232-2096, | |
|        Defendant | |

## COMPLAINT

### INTRODUCTION

1. Tamara Abrishamian, Plaintiff, by and through his undersigned counsel, hereby sues Kindercare Education, LLC, for violations of Americans with Disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008, Rehabilitation Act of 1973 Section 504, Md. State Government Article §20-602, and Montgomery County Code §27-19. Tamara Abrishamian has a learning disability and respiratory disorder. She informed her employer of both during her employment. After informing her employer and requesting accommodations of written instructions and to be excused from conducting a cleaning with toxic supplies in an enclosed space, Abrishamian was treated with hostility and disparately from employees who did not have disabilities and had not requested reasonable accommodations, ultimately resulting in her termination.

### PARTIES

2. Plaintiff, Tamara E. Abrishamian, is a citizen of the United States and is a resident of Montgomery County, Maryland, and was at all relevant times.

3. Defendant is a private company that provides child care services in Maryland and around the country. Defendant has a location in Germantown, Maryland, and has a corporate

address in Portland, Oregon. Defendant engages in interstate commerce. Defendant has more than 20 employees and receives federal funding.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to Montgomery County Code § 27-9, Md. Code Ann., Cts. & Jud. Proc. § 4-402d, Md. Code Ann., and Cts. & Jud. Proc. § 1-501.

5. Plaintiff has been subject to discrimination under Montgomery County Code § 27-19.

6. Venue is proper in the Circuit Court for Montgomery County pursuant to Montgomery County Code § 27-19 and Md. Code Ann., Cts. & Jud. Proc. § 6-201 because Defendant maintains a principal office in Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT

7. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 6 of this Complaint with the same force and effect as if set forth herein.

8. Plaintiff has exhausted administrative remedies and met all conditions precedent as to all claims in this complaint. Plaintiff filed a timely complaint with the EEO Officer and EEOC. Plaintiff received a right to sue letter and timely filed this complaint.

## STATEMENT OF CLAIM

9. Plaintiff, Tamara Abrishamian, suffers from multiple disabilities. During her initial interview and multiple times while she worked for Kindercare she explained to her supervisors and fellow employees that she struggles to follow verbal instructions due to a learning impairment and she suffers from severe respiratory disorder that requires medical attention on a consistent basis and is highly susceptible to dangerous exacerbation.

10. No other employees in her office had a disability.

11. Abrishamian was hired on or about September 5, 2017, as a Teacher's Assistant. Her position required her to produce lesson plans and do other activities with students.

12. Early in her employment, Abrishamian explained to her supervisor that her learning impairment significantly impacts her ability to write by hand. Her supervisor and other employees commented repeatedly, despite knowing this, about how bad her handwriting was.

13. On one occasion, Abrishamian's supervisor demanded that Abrishamian thoroughly clean an enclosed area using powerfully aromatic cleaners. Abrishamian had already explained her severe respiratory disorder but again explained it and asked for the accommodation that she not perform cleaning in an enclosed area using the supplies required. She was denied. This type of cleaning had previously almost exclusively, if not exclusively, been done by kitchen staff, not the teaching staff.

14. Abrishamian was assigned lesson plans and given verbal instructions. She informed her supervisor that she had trouble following verbal instructions and requested that written instructions be provided as an accommodation. She was treated with hostility and derision and denied for months.

15. At all relevant times Abrishamian was qualified to perform the essential functions of her job with or without accommodations. Defendant did not issue assessments of a failure to perform any essential function of her job and satisfactorily produced Lesson Plans and completed her other tasks without issue. Her essential functions required ability to interact with students and implement lesson plans while supporting the primary teaching staff.

16. Near the end of her employment, Abrishamian was sabotaged in her effort to meet a stated training requirement. A training was scheduled and Abrishamian signed on to attend. She explained to her supervisor that she would have to be late due to exigent circumstances related to another training for another position. When she arrived at the training location the doors had been locked. She attempted entry, called the office number and texted her supervisor directly that she had arrived and merely needed to be granted admission to the building. She waited more than 30 minutes in the parking lot. While she waited, another employee, who did not have a disability and had not requested accommodations, was granted admission by the same supervisor. Later her supervisor reproached her for missing the training, said she had not noticed that Abrishamian had texted despite confirming that the other employee had contacted her by text, and said she would have to make up the training.

17. A couple of months later Abrishamian's supervisor told her that there were third party trainings that would satisfy the training requirement and that she (supervisor) would provide the literature describing each and the process for registration and payment. The supervisor also stated that the trainings must be completed by a specific date in the near future. After

approximately a week's time, Abrishamian's supervisor placed the documents in her mail box. When Abrishamian reviewed the materials she noted that the registration period for every option had already elapsed. Abrishamian attempted to find her own third party trainings with an open registration but was unsure as to what trainings would qualify based on the supervisor's standards and struggled to find any at all that could be completed prior to the timeline asserted by her supervisor.

18. Kindercare terminated her on or about April 16, 2018.

19. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical and emotional injuries, resulting in damages.

20. Defendant deliberately and with malice forced work tasks on Plaintiff that Defendant knew were severely impaired by her disabilities.


COUNT I

Disability Discrimination

Americans with disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if set forth herein.

22. Plaintiff has disabilities, learning impairment and respiratory disorder.

23. Defendant was aware of Plaintiff's disability.

24. Plaintiff's disability of learning impairment is a mental impairment that substantially limits the major life activities of thinking, learning and communicating.

25. Plaintiff's disability of respiratory impairment is a physical impairment that substantially limits the major life activity of breathing.

26. Plaintiff was qualified for the position and able to perform the essential functions of the job.

27. Defendant refused accommodations and harassed Plaintiff with the intent of creating a pretext for terminating her.

28. Defendant treated Plaintiff disparately from employees who did not have disabilities.

29. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

30. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

31. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT II

Retaliation

Americans with disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if set forth herein.

33. Plaintiff engaged in protected activity when she requested accommodations of written instructions.

34. Plaintiff engaged in protected activity when she requested accommodations of excusal from using toxic cleaning products in an enclosed area.

35. Defendant was aware of Plaintiff engaging in protected activity.

36. Defendant treated Plaintiff disparately because she engaged in protected activity.

37. Defendant fired Plaintiff because she engaged in protected activity.

38. Defendant did not exercise reasonable care to prevent retaliation for engaging in protected activity.

39. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation.

40. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT III

Disability Discrimination

Rehabilitation Act of 1973 Section 504

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if set forth herein.

42. Plaintiff has disabilities, learning impairment and respiratory disorder.

43. Defendant was aware of Plaintiff's disability.

44. Plaintiff's disability of learning impairment is a mental impairment that substantially limits the major life activities of thinking, learning and communicating.

45. Plaintiff's disability of respiratory impairment is a physical impairment that substantially limits the major life activity of breathing.

46. Plaintiff was qualified for the position and able to perform the essential functions of the job.

47. Defendant refused accommodations and harassed Plaintiff with the intent of creating a pretext for terminating her.

48. Defendant treated Plaintiff disparately from employees who did not have disabilities.

49. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

50. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

51. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT IV

### Retaliation

### Rehabilitation Act of 1973 Section 504

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 51 of this Complaint with the same force and effect as if set forth herein.

53. Plaintiff engaged in protected activity when she requested accommodations of written instructions.

54. Plaintiff engaged in protected activity when she requested accommodations of excusal from using toxic cleaning products in an enclosed area.

55. Defendant was aware of Plaintiff engaging in protected activity.

56. Defendant treated Plaintiff disparately because she engaged in protected activity.

57. Defendant fired Plaintiff because she engaged in protected activity.

58. Defendant did not exercise reasonable care to prevent retaliation for engaging in protected activity.

59. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation.

60. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT V

### Disability Discrimination

### Md. State Government Article §20-602

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as if set forth herein.

62. Plaintiff has disabilities, learning impairment and respiratory disorder.

63. Defendant was aware of Plaintiff's disability.

64. Plaintiff's disability of learning impairment is a mental impairment that substantially limits the major life activities of thinking, learning and communicating.

65. Plaintiff's disability of respiratory impairment is a physical impairment that substantially limits the major life activity of breathing.

66. Plaintiff was qualified for the position and able to perform the essential functions of the job.

67. Defendant refused accommodations and harassed Plaintiff with the intent of creating a pretext for terminating her.

68. Defendant treated Plaintiff disparately from employees who did not have disabilities.

69. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

70. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

71. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT VI

### Retaliation

### Md. State Government Article §20-602

72. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 71 of this Complaint with the same force and effect as if set forth herein.

73. Plaintiff engaged in protected activity when she requested accommodations of written instructions.

74. Plaintiff engaged in protected activity when she requested accommodations of excusal from using toxic cleaning products in an enclosed area.

75. Defendant was aware of Plaintiff engaging in protected activity.

76. Defendant treated Plaintiff disparately because she engaged in protected activity.

77. Defendant fired Plaintiff because she engaged in protected activity.

78. Defendant did not exercise reasonable care to prevent retaliation for engaging in protected activity.

79. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation.

80. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT VII

### Disability Discrimination

Montgomery County Code §27-19

81. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 of this Complaint with the same force and effect as if set forth herein.

82. Plaintiff has disabilities, learning impairment and respiratory disorder.

83. Defendant was aware of Plaintiff's disability.

84. Plaintiff's disability of learning impairment is a mental impairment that substantially limits the major life activities of thinking, learning and communicating.

85. Plaintiff's disability of respiratory impairment is a physical impairment that substantially limits the major life activity of breathing.

86. Plaintiff was qualified for the position and able to perform the essential functions of the job.

87. Defendant refused accommodations and harassed Plaintiff with the intent of creating a pretext for terminating her.

88. Defendant treated Plaintiff disparately from employees who did not have disabilities.

89. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

90. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

91. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT VIII

### Retaliation

### Montgomery County Code §27-19

92. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 91 of this Complaint with the same force and effect as if set forth herein.

93. Plaintiff engaged in protected activity when she requested accommodations of written instructions.

94. Plaintiff engaged in protected activity when she requested accommodations of excusal from using toxic cleaning products in an enclosed area.

95. Defendant was aware of Plaintiff engaging in protected activity.

96. Defendant treated Plaintiff disparately because she engaged in protected activity.

97. Defendant fired Plaintiff because she engaged in protected activity.

98. Defendant did not exercise reasonable care to prevent retaliation for engaging in protected activity.

99. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation.

100. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.


## PRAYER FOR RELIEF

Wherefore, Plaintiff, Tamara Abrishamian, prays this Honorable Court for Judgment against the Defendant, Kindercare Education, LLC, in the amount of economic damages, compensatory damages, and punitive damages to be determined at trial, attorneys' fees, costs of this action, and/or injunctive relief, equitable relief, and any other relief this Honorable Court deems just and proper to award. The amount in controversy exceeds $75,000.


## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

Respectfully submitted,

Dated this 22nd day of January, 2021

Jason Shafer, Esq.
Shafer Associates, LLC
230 N. Washington St.
Suite 200
Rockville, MD 20850